## WILSON v. LAMBERTON et al.

### No. 6821.

Circuit Court of Appeals, Third Circuit.

Feb. 24, 1939.

Albert L. Hood, Jr., Paul Freeman, and Freeman, Fox & Steeble, all of Philadelphia, Pa., for appellant.

Frank B. Gummey, 2nd, and Thomas J. Clary, both of Philadelphia, Pa., for appellees.

Charles B. Costello, of Philadelphia, Pa., for additional appellee Leo W. McCormick.

Before BIGGS and CLARK, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

The court below sustained appellee's demurrer to appellant's statement of claim in trespass; discharged appellant's rule for leave to file an amended statement of claim, and entered judgment for the appellee. This appeal followed.

Appellant was a guest in a dwelling house in Pennsylvania, leased by the owner, the appellee, to a tenant. The appellant was injured when a porch railing attached to the dwelling gave way when she leaned against it, causing her to fall.

The statement of claim alleges negligence upon the part of the owner in that the owner leased the premises under such circumstances that the owner should have known that the railing was in a weakened condition and in need of repair. These circumstances are that the owner had previously repaired another portion of the same railing.

An affidavit of defense raising questions of law was filed by the appellee, and the court below sustained the demurrer on the following grounds:

(a) Under the Pennsylvania Law the rights of a guest against an owner of leased premises rise no higher than the rights of the tenant.

(b) There is no liability in favor of tenant against the landlord arising out of dangerous conditions, if the tenant knows of the defects or can ascertain them by reasonable inspection.

(c) The statement of claim does not allege that the landlord knew of the dangerous condition. It merely alleges that he should have known of the defects. This is insufficient pleading.

(d) To support a claim against the landlord, the defect must be a latent one, not reasonably discoverable by the tenant. Obviously, if the railing gave way under slight pressure, it was a defect which would have been discovered easily by reasonable inspection.

After the demurrer was sustained, the appellant filed what she called a petition to "amend the decree." The prayer of the petition, however, was for leave to file an amended statement of claim. This petition set forth the facts in greater detail.

It averred that the railing in question bordered the porch as well as the steps leading to the porch, and that the step railing had been repaired but that the porch railing had been left unrepaired. Another averment was that the two railings were alike in appearance. It was further averred that the owner of the premises actually knew of the unsafe condition of the porch railing, and that "if one had taken hold of the railing on the side porch and shaken it, its condition would have been disclosed." As has been said, this rule was discharged.

The court below correctly stated the principles of law relating to liability as between landlord and tenant, or, what amounts to the same thing, as between landlord and guest of the tenant. See syllabus in Harris et ux., Appellant, v. Lewistown Trust Company et al., 326 Pa. 145, 191 A. 34: "4. A landlord is not subject to liability to the tenant, or to persons on the premises in the tenant's right, for harm caused by a defective condition thereon which existed and was known to the tenant at the time he took possession, or was discoverable by a reasonable inspection; and this is so even though the premises were let in a ruinous condition or in a condition amounting to a nuisance. (149-50)"

This statement in the syllabus accurately sums up the decision.

The only real question for our consideration is whether the appellant should have been permitted to amend her statement of claim. Ordinarily, courts exercise discretion liberally in permitting amendments, so as not to deprive a litigant of a chance to bring his case to trial. In the instant case, however, the allegations in the appellant's petition for leave to amend are sufficient of themselves to bar her recovery. In her petition the appellant asserted that if one had taken hold of the railing and shaken it, its condition would have been disclosed. In other words, the appellant concedes specifically that a reasonable inspection would have disclosed the dangerous condition.

Again upon page 5 of the appellant's brief she admits that had there been a testing of the porch railing its defective condition would have been discovered. Such a testing would certainly have been the reasonable inspection required by the cases and, since it was not made, it follows that the appellant cannot recover.

Normally, of course, the question of what is or is not reasonable inspection is for a jury. However, in any trial, the appellant would be confronted with her own sworn statement in the petition, showing that she had not made a reasonable inspection, and a non-suit or binding instructions for the defendant would inevitably follow. Since the case can never reach a jury in any event, further proceedings would be futile.

The judgment of the court below is affirmed.