INTERNATIONAL LADIES' GARMENT WORKERS' UNION et al. v. DONNEL-LY GARMENT CO. et al.

No. 11605.

Circuit Court of Appeals, Eighth Circuit.

July 11, 1941.

For former opinion, see 119 F.2d 892.

Emil Schlesinger, of New York City (Nathan Greene, of New York City, Charles A. Horsky, of Washington, D. C., Jerome Walsh, of Kansas City, Mo., and Joseph A. Padway and Graham Claytor, Jr., both of Washington, D. C., on the brief), for appellants.

James A. Reed and William S. Hogsett, both of Kansas City, Mo. (Robert J. Ingraham, of Kansas City, Mo., on the brief), for appellees Donnelly Garment Co. and Donnelly Garment Sales Co.

Frank E. Tyler, of Kansas City, Mo. (Thomas J. Patten and Lucian Lane, both of Kansas City, Mo., on the brief), for appellees Donnelly Garment Workers' Union.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The appellees, in their petitions for rehearing, argue that we have misconstrued and misapplied the recent rulings of the Supreme Court referred to in our opinion. They assert that the record sufficiently discloses that the necessary effect of the threatened activities of appellants would be to create or to tend to create a monopoly and to affect prices to the prejudice of consumers, to bring the case within the Sherman Act. Appellees in effect reargue what we have decided. If we have misconstrued the rulings of the Supreme Court referred to in our opinion or have misap-

plied them to the facts of this case, it is reasonable to assume that that Court will grant certiorari and correct our mistake.

The petitions for rehearing are denied.

The appellees, by their motions to modify our opinion, judgment and mandate, have asked that, in the event their petitions for rehearing are denied, we eliminate from our opinion the direction that the complaint be dismissed for want of jurisdiction; that we substitute directions that the court below grant to the appellees who were plaintiffs in that court (Donnelly Garment Company and Donnelly Garment Sales Company) leave to dismiss this action without prejudice as to defendants who are citizens of Missouri, and to amend the complaint so that it will show diversity of citizenship between the plaintiffs and the remaining defendants and that the action is one of a civil nature in equity where the amount in controversy exceeds $3,000; that we also direct the court below to confine the evidence upon a new trial, after the complaint has been amended, to the question whether jurisdiction on the ground of diversity of citizenship exists; and that we authorize that court, if it finds the existence of such jurisdiction, to re-enter the decree which has been appealed from, with such modifications as we think should be made.

The appellants resist these motions. They challenge the power of the Court to grant the motions and the propriety of their being granted if the Court has the power. They point to the fact that the cause of action was based solely upon a law of the United States, namely, the Sherman Act. The appellants contend that to now substitute a cause of action in equity based upon diversity of citizenship would not be an amendment to the cause of action originally asserted, but would be equivalent to commencing a new and different action and conferring upon the court below jurisdiction of the persons of non-resident defendants who had appeared voluntarily, without according them any opportunity to question the right of that court to compel them to defend in Missouri against a new cause of action not based upon any law of the United States, but arising under the laws of Missouri. The appellants also contend that to authorize the court below to re-enter the present decree, which is now more than two years old and which the court was without jurisdiction to enter and which was based upon

findings which that court was without jurisdiction to make, would not be justified and would have the effect of depriving some of the appellants of their rights to defend against a cause of action of which they had no notice until after the decision of this Court in this case.

The tendency of the federal courts has been consistently towards greater liberality in the allowance of amendments to pleadings. Under the rule announced in Union Pacific R. Co. v. Wyler, 1895, 158 U.S. 285, 295–297, 15 S.Ct. 877, 39 L.Ed. 983 (see and compare Whalen v. Gordon, 8 Cir., 95 F. 305), such an amendment as the appellees suggest would constitute a departure from law to law and the commencement of a new action. Union Pacific R. Co. v. Wyler, supra, however, showed that a plaintiff might introduce a completely new cause of action by amendment, but that such an amendment would not relate back to the commencement of his action so as to toll the statute of limitations. In Missouri, Kansas & Texas R. Co. v. Wulf, 226 U.S. 570, 575, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134, a plaintiff brought her suit in reliance upon a state statute. She was later permitted to amend and to recover under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. If her amendment had constituted the commencement of a new action, it was barred by limitations. The Supreme Court said of the amendment (page 576 of 226 U.S., page 137 of 33 S.Ct., 57 L.Ed. 355, Ann.Cas.1914B, 134): "The change was in form rather than in substance * * *. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit."

In New York Central & Hudson River R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, a plaintiff based her action upon the New York Employers' Liability Act, Consol.Laws c. 74, § 1 et seq. The case was tried several times in reliance upon that Act, and, after the case had been pending about eight years, the plaintiff was allowed to amend by alleging facts which brought her claim under the Federal Employers' Liability Act, and she recovered a judgment. The Supreme Court ruled (260 U.S. at page 346, 43 S.Ct. at page 123, 67 L.Ed. 294) that "the declaration was consistent with a wrong under the law of the State or of the United

States as the facts might turn out. * * * 'The facts constituting the tort were the same, whichever law gave them that effect.' Seaboard Air Line Ry. v. Koennecke, 239 U.S. 352, 354, 36 S.Ct. 126, 60 L.Ed. 324. See also St. Louis, San Francisco & Texas R. Co. v. Smith, 243 U.S. 630, 37 S.Ct. 477, 61 L.Ed. 938. Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." See, also, Manhattan Oil Co. v. Mosby, 8 Cir., 72 F.2d 840, 843, 844; United States v. Powell, 4 Cir., 93 F.2d 788, 790. The Supreme Court of the United States has fixed the limits of permissible amendment with increasing liberality and has ruled that a change of the legal theory of the action is no longer accepted as a test of the propriety of a proposed amendment. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619. Rule 15 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expresses the same liberality with respect to the amendment of pleadings.

■■ The defendants in this case have all had notice from the beginning of this action of the conduct upon which the plaintiffs base their claimed right to an injunction. This conduct and the proof of it contained in the record the plaintiffs now assert will entitle them to retain their decree against some of the defendants in this action, under the law of Missouri, provided the complaint shall be amended to show jurisdiction based on diversity of citizenship. The authorities indicate that such an amendment as is suggested would be permissible even after judgment if the amendment did not result in eliminating indispensable parties defendant. See Interstate Refineries, Inc. v. Barry, 8 Cir., 7 F.2d 548, 550; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 595. The amendment, however can not be allowed by this Court. Morgan's Executor v. Gay, 19 Wall. 81, 83, 22 L.Ed. 100; Robertson v. Cease, 97 U.S. 646, 651, 24 L.Ed. 1057; Continental Life Insurance Co. v. Rhoads, 119 U.S. 237, 240, 7 S.Ct. 193, 30 L.Ed. 380; Halsted v. Buster, 119 U.S. 341, 342, 7 S.Ct. 276, 30 L.Ed. 462; King Iron Bridge & Mfg. Co. v. Otoe County, 120 U.S. 225, 227, 7 S:Ct. 552, 30 L.Ed. 623; Metcalf v. Watertown, 128 U.S. 586, 590, 9 S.Ct. 173, 32 L.Ed. 543; Menard v. Goggan, 121 U.S. 253, 254, 7 S.Ct. 873, 30 L.Ed. 914; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, 121; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 597. Since the amendment cannot be allowed by this Court, it necessarily follows that we cannot direct or instruct the court below with respect to the exercise of its discretion in granting or denying leave to make such an amendment as is suggested. Sec. 399, Title 28, U.S.C.A., permitting an appellate court to allow an amendment when diversity of citizenship has been defectively alleged is not applicable to this situation.

■ We think that if the plaintiffs apply to the court below for leave to amend their complaint to show jurisdiction based upon diversity of citizenship, and if leave is granted, it will be for that court to determine initially whether the amendment allowed constitutes the commencement of a new action requiring a complete new trial; whether a new trial must be had in any event upon some or all of the issues under the amended pleadings; whether that court can or should base a decree upon the present record, with or without supplementation; and what decree shall finally be entered. See and compare Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F. 2d 115, 121; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 597. It is not improbable that whatever action may be taken by the court below will result in another appeal. Certainly this Court should not attempt to establish in advance the law of a case the merits of which are not presently before it because federal jurisdiction is lacking.

We have no desire to prevent the appellees from taking further proceedings either in the court above or in the court below. We have decided the question of the jurisdiction of the District Court under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, the only question of jurisdiction before us on this appeal; and to that extent and to that extent only have we established the law of this case. If that ruling stands and if no amendment to the complaint showing other grounds of federal jurisdiction is allowed by the court below, the complaint must be dismissed for want of jurisdiction. The opinion of this Court in this case is not to be taken as finally determining any question affect-

ing the merits of the litigation. Robertson v. Cease, 97 U.S. 646, 651, 24 L.Ed. 1057; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 597.

The judgment of this Court will be that the decree appealed from be reversed for want of jurisdiction and that the case be remanded to the court below for further proceedings not inconsistent with the opinion of this Court.

WOODROUGH, Circuit Judge, is of the opinion that the direction to dismiss the complaint for lack of jurisdiction should stand without modification.