DONNELLY GARMENT CO. et al. v. INTERNATIONAL LADIES' GARMENT WORKERS' UNION et al. (DONNELLY GARMENT WORKERS' UNION et al., Interveners).

No. 2924.

District Court, W. D. Missouri, W. D.

Dec. 10, 1941.

62

James A. Reed, William S. Hogsett, and Robert J. Ingraham, all of Kansas City, Mo., for plaintiffs.

Emil Schlesinger, of New York City, Charles A. Horsky, of Washington, D. C., and Jerome Walsh, of Kansas City, Mo., for defendants.

Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., for interveners.

NORDBYE, District Judge (Acting under special assignment to the Western District of Missouri.)

The motions will be considered in the order referred to above. A decree was entered herein enjoining defendants from committing acts of fraud and violence and from conducting a secondary boycott in furtherance of a conspiracy to restrain the interstate trade and commerce of the plaintiffs. On appeal (8 Cir., 119 F.2d 892), the court found that the findings of fact of the court below were sustained by substantial evidence and would be affirmed with some modification if jurisdiction had existed. The court, however, dismissed the complaint because the trial court was without jurisdiction under the Sherman Act, 15 U.S.C.A. § 1, et seq. On petition for rehearing and motion to modify opinion, judgment and mandate, the Circuit Court filed its decision (8 Cir., 121 F.2d 561, 563), wherein it reversed for want of jurisdiction, but remanded the case to the court below for further proceedings not inconsistent with the opinion which was rendered. In that decision, the court granted permission to the plaintiffs to apply to this Court for leave to file their amended complaint showing jurisdiction based upon diversity of citizenship. It was made clear to and by the Appellate Court that, in order to amend, it would be necessary to dismiss the action as to the defendants who were residents of the State of Missouri. The Circuit Court further stated that, if leave to amend be granted, it was for this Court to determine "whether the amendment allowed constitutes the commencement of a new action requiring a complete new trial; whether a new trial must be had in any event upon some or all of the issues under the amended pleadings; whether that court can or should base a decree upon the present record, with or without supplementation; and what decree shall finally be entered."

A reading of the opinion (121 F.2d 561) impels the conclusion that the Circuit Court has unmistakably decided that this Court has the authority to permit the dismissal as to the resident defendants and to permit an amendment of the complaint so as to establish jurisdiction on the grounds of diversity of citizenship. It is fair to assume that the Appellate Court would not have remanded the controversy if it did not entertain the view that this Court possessed the authority to entertain the present motions of the plaintiffs. But it is equally clear that the Circuit Court did not assume to direct this Court in its exercise of such discretion.

The gravamen of the grievance of the plaintiffs against the defendants consists of certain alleged acts of fraud, violence and secondary boycott which were alleged to be the result of a conspiracy in restraint of interstate trade and commerce. The basic facts which are now asserted in the second amended complaint are substantially the same as in the original bill. Under the original bill as amended, it was plaintiffs' theory that the facts alleged constituted a conspiracy in restraint of interstate commerce. Under the second amended complaint, they allege substantially the same facts and contend that they are entitled to the same remedy by way of injunctive relief in a tort action where jurisdiction exists by way of diversity of citizenship. As pointed out by the Circuit Court (121 F.2d 561, 563) : "The defendants in this case have all had notice from the beginning of this action of the conduct upon which the plaintiffs base their claimed right to an injunction." The court also stated (121 F.2d at page 563): "The Supreme Court of the United States has fixed the limits of permissible amendment with increasing liberality and has ruled that a change of the legal theory of the action is no longer accepted as a test of the propriety of a proposed amendment. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619." If, during the trial of this action, the motion to dismiss had been made with leave to establish jurisdiction by reason of diversity of citizenship, no serious question would have arisen as to the authority or the propriety of the Court's entertaining and granting such motions. The fact that non-resident defendants voluntarily appeared in a case in which the legal theory for redress was based on the Sherman Act would in no way limit the discretion of the Court in proceeding to retain jurisdiction. Presumably, when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amendments are granted liberally and will be allowed and freely given when justice requires it. The proposed amendment at this time, rather than during the course of the trial, does not materially change the situation except that the Court must be zealous in protecting the defendants from any prejudice thereby. However, if it is true that these non-resident defendants are guilty of wrongful conduct to plaintiffs' damage, no sufficient reason is suggested why the "increasing liberality" rule in permitting amendments should not be judiciously exercised under the instant circumstances. "The facts constituting the tort were the same, whichever law gave them that effect." Seaboard Air Line Ry. v. Koennecke, 239 U.S. 352, 354, 36 S.Ct. 126, 127, 60 L.Ed. 324. See, Dowling Bros. v. Andrews, 7 Cir., 19 F.2d 961, as to right to amend where no jurisdiction existed at institution of suit.

The contention that the action will be dismissed as to indispensable parties in order to enable the Court to retain jurisdiction is not well-founded. Obviously, a plaintiff may select from a group of tort feasors the ones which he may desire to proceed against. Neither the interest of the International Ladies' Garment Workers' Union nor of any of the other defendants as to whom plaintiffs now seek to dismiss, will be affected by any decree which may be entered herein. Manifestly, the defendants as to whom dismissal is granted can have no interest in any unlawful agreement. No rights can be based upon any participation in an unlawful conspiracy as to which the defendants are jointly and severally liable. Hopkins v. Oxley Stave Co., 8 Cir., 83 F. 912; Horn v. Lockhart, 17 Wall. 570, 21 L.Ed. 657.

The Court is not unmindful, however, that these non-resident defendants appeared voluntarily in a suit where jurisdiction was based on an alleged violation of the Sherman Act. Many defendants who will not now be parties, if the motion to dismiss is granted, were joined therein. It may well be that some of the testimony received during that trial would not be admissible in an action where the remaining defendants are the sole defendants. Moreover, a defense which may have been considered proper and sufficient to meet the charge of unlawful conspiracy where jurisdiction is based on the Sherman Act, may materially differ from a defense to a tort action based on diversity of citizenship in violation of the laws of the State of Missouri. But these questions do not primarily bear on plaintiffs' request to dismiss and amend. They will, however, have a material bearing on the procedure to be followed after issue is joined on the amended pleadings. Liberality in granting to the plaintiffs right to amend in the interest of justice connotes the correlative rights of the defendants that such amendment must

not deprive any defendant of his day in court with respect to the changed basis of jurisdiction, the change in the parties, and the substituted legal theory which the pleadings will then assume. Clearly, it must appear that, before any decree can be entered herein as to the remaining defendants, they have been accorded a full and complete right to defend as to the amended issues and the changed situation.

The motions of the interveners to amend the petition of intervention and their request to dismiss as to the resident defendants is governed by the views hereinbefore set forth. The permission granted to the plaintiffs to amend and dismiss as to the resident defendants necessarily contemplates that the non-residents should not be permitted to withdraw their appearances. True, the withdrawal of appearance is a matter which largely rests in the court's discretion. However, it may be pointed out that, while these defendants appeared voluntarily, such appearance was made unconditionally and they were not decoyed into making cause with the other defendants. Plaintiffs presumably in good faith assumed that jurisdiction existed by reason of the Sherman Act. In appearing and submitting to the jurisdiction of this Court, it must be held that the non-resident defendants did so with the knowledge that plaintiffs could dismiss as to certain joint tort feasors if they so desired. The basic charge of fraud and violence, with the elimination of its alleged effect on interstate commerce as a jurisdictional basis, remains the same under the proffered amendment. Consequently, if the Court is within its jurisdiction in permitting the amendment and granting plaintiffs the right to dismiss as to the resident defendants, it must follow that the original submission of the non-resident defendants to the jurisdiction of this Court is broad enough to permit such action. There is no showing before this Court as to what may have motivated the non-resident defendants to make their appearance, and in that they made an unconditional and general appearance, it must follow that, in the contemplation of law, they did so with full knowledge of the rights that the plaintiffs would have to change the legal theory of their action.

In harmony with the views herein expressed, therefore, it is ordered that plaintiffs' motion to dismiss as to the defendants named or described in said notice of motion be and the same is hereby granted; that plaintiffs' motion for leave to file a second amended complaint is hereby granted, and the remaining defendants, David Dubinsky, Luigi Antonini, Frederick F. Umhey, Abraham W. Katovsky, Morris Bialis, Rose Pesotta, Israel Feinberg, Salvatore Ninfo, Elias Reisberg, Philip Kramer, George Rubin, Isidore Nagler, Joseph Breslaw, Julius Hochman, Basilio Disti, Louis Levy, Charles Kreindler, Harry Wander, Max Cohen, Samuel Perlmutter, Joseph J. Heller, Harry Greenberg, Charles S. Zimmerman, Meyer Perlstein and Max D. Danish, are hereby granted 20 days after the filing of this order within which to file their amended answer thereto.

It is further ordered that the motion of Donnelly Garment Workers' Union et al., interveners, to dismiss as to the defendants named or described in said notice of motion be granted, and their motion to file a second amended petition of intervention be allowed. The time to plead to said second amended petition of intervention will be 20 days after the filing of this order.

Defendants' motion for judgment refusing permission to plaintiffs and interveners to plead further and to enter judgment dismissing the bill as amended and the interveners' petition of intervention as amended, is denied.

The motion of the remaining non-resident defendants for leave to withdraw their appearances herein is denied.

Exceptions to the granting of plaintiffs' motions, interveners' motions, and the denial of defendants' several motions are hereby allowed.