YOUNG v. GARRETT et al.
GILBERT et al. v. SAME.
Nos. 163, 164.

District Court, W. D. Arkansas,
El Dorado Division.

Feb. 28, 1946.

---

J. R. Wilson and Charles E. Wright, both of El Dorado, Ark., for Horace A. Young.

James H. Nobles, Jr., of El Dorado, Ark., A. A. Thomason, of Magnolia, Ark., and DuVal Purkins, of Warren, Ark., for Betty Jean Gilbert et al.

McKay & McKay, of Magnolia, Ark., and J. P. Greve and R. H. Wills, both of Tulsa, Okl., for Levi Garrett, Asa C. Garrett, Frank Garrett, R. S. Foster, and Mid-Continent Petroleum Corporation.

Forrest Darrough, of Tulsa, Okl., and J. E. Gaughan, of Camden, Ark., for Carter Oil Company.

MILLER, District Judge.

These are separate but companion cases in each of which a motion for permission to amend the original complaint has been filed in accordance with an order of the United States Circuit Court of Appeals, Eighth Circuit, made August 8, 1945, 149 F.2d 223. For a clear understanding of the questions presented, it is necessary that a brief statement of the facts reflected by the records of this court in the tortuous history of this litigation be made.

On December 26, 1941, the plaintiffs in Civil Action No. 164, Betty Jean Gilbert, et al., all residents of Louisiana, filed in this court their complaint, Civil Action No. 138, against Harry L. Elam and forty-seven other individuals and corporations, including the defendants in the two cases now before the Court. In that suit the plaintiffs sought recovery of an undivided interest in the lands involved in the present cases, for rents and profits, and for an accounting, upon the allegation that Sarah E. Pace was the owner of only a life estate in the lands and at her death the fee simple title vested in the heirs of the said Sarah E. Pace; that Mary Christine Pace, a daughter, was one of nine children surviving Sarah E. Pace, and that the said Mary Christine Pace was at the time non compos mentis and remained so until her death, December 27, 1939; that they had inherited the interest of Amelia A. Pace Dismukes, deceased, who was a sister of the said Mary Christine Pace.

On the same date, December 26, 1941, the present plaintiff in Civil Action No. 163, Horace A. Young, a resident of Illinois, without obtaining permission of the court, filed an intervention in Civil Action No. 138 in which he alleged that his claim and the action of plaintiffs had questions of law and fact in common, and that the entire controversy might be more expeditiously and fairly decided by presenting them as one controversy. Permission to file the intervention was granted on March 30, 1942.

The intervenor sought a recovery of an interest in the same lands for rents, profits, damages because of removal of oil and gas, and for an accounting and interest on the value of oil and gas and crops against the same forty-eight defendants, and in addition thereto, he alleged that the Standard Oil Company of Louisiana and certain individual residents of Louisiana were necessary and indispensable parties, and asked that they be made parties defendant. The intervener adopted the allegations of the plaintiffs with respect to the interest in the lands owned by Mary Christine Pace at her death, and alleged that he had acquired by warranty deed, dated May 27, 1941, all of the interest in the lands of the heirs of Mary Christine Pace, except such interest as was acquired by the plaintiffs by inheritance.

In due time all the defendants answered the complaint and intervention, except eleven, and on the opening day of the trial, the court after a conference with the various attorneys entered an order finding and declaring that such defendants as had not answered did not then exist, or had no interest in the controversy. At the same time the complaint and intervention was also dismissed as to the defendant, Lion Oil Company.

The case was tried to the court on October 27 and 28, 1942, and at the conclusion of the introduction of the testimony, was submitted to the court, but the attorneys were requested to submit written briefs upon the questions, (a) effect of the deed of April 15, 1867, from Wesley Arnold to Sarah E. Pace, (b) effect of deed of December 12, 1867, from William H. Pace and Sarah E. Pace to L. H. Young, and (c) legal effect of the uncontradicted testimony as to the intervention of Horace A. Young, and whether the court had jurisdiction of the intervention, and if the court did not, whether the plaintiffs' complaint should be dismissed or only the intervention.

The attorneys for plaintiffs and intervenor filed their brief on November 17, 1942. The attorneys for defendants requested that the testimony be transcribed, which was done, and the time for filing of the brief for defendants was extended to December 22, 1942. The brief was filed December 21, 1942. The time for filing reply brief of plaintiffs and intervenor was extended from time to time upon request of the attorneys for said parties, and the same was not filed until April 1, 1943, along with a full transcript of all the testimony. In the meantime the plaintiffs and intervenor dismissed at various times their case against many of the defendants, and on December 24, 1942, filed the present cases, Civil Actions Nos. 163 and 164, against only the defendants Levi Garrett, Asa C. Garrett, Frank Garrett, R. S. Foster, Mid-Continent Petroleum Corporation and the Carter Oil Company.

On April 14, 1943, within less than two weeks after all the briefs had been filed, the court with the briefs and a full transcript of all the testimony before it, made and filed specific findings of fact and declarations of law, separately stated.

On October 28, 1942, at the conclusion of the introduction of the testimony, the judge had announced in open court that he was prepared to announce his findings

of fact on the question of the mental competency of Mary Christine Pace, but did not think that should be done until the jurisdictional questions were determined.

The intervenor, Horace A. Young, was claiming an interest in the land, etc., by reason of a deed executed on May 27, 1941, by all the collateral heirs of Mary Christine Pace that were residents of Arkansas. The plaintiffs in the case were residents of Louisiana and did not convey their interest to the intervenor.

The court found that the grantors did not receive any consideration for the execution of the deed; that the execution of the deed was supervised by A. A. Thomason, one of the attorneys of record for the Louisiana heirs and plaintiffs; that the deed was executed at his request upon the understanding with the Arkansas heirs that they retained their interest in the land and the fruits of the litigation; that as between the intervenor, Horace A. Young and the said grantors, no interest in the land or proceeds of the litigation was conveyed; that the deed was executed by the Arkansas heirs upon the advice of their attorney for the sole purpose of creating a fictitious ground of federal jurisdiction.

Since the above facts were found, the court refrained from announcing any finding of fact as to the mental competency of Mary Christine Pace, either at the time of the death of her mother, Sarah E. Pace, or subsequent thereto, and likewise refrained from filing any declarations of law as to the legal effect of the deed executed by Wesley Arnold to Sarah E. Pace on April 15, 1867.

The court did hold that it had no jurisdiction of the case; that the Arkansas heirs, grantors in the deed under which the intervenor claimed, were indispensable parties and that if they were made parties and properly aligned, diversity of citizenship, the only alleged ground of jurisdiction, would be destroyed. Therefore a decree dismissing the complaint and intervention in Civil Action No. 138 was entered April 14, 1943.

Subsequent to the dismissal of the first case, Civil Action No. 138, the present cases came on for consideration having been filed as heretofore stated on December 24, 1942. Prior to the filing of these cases and on December 16 and 18, 1942, the plaintiff in Civil Action No. 163, Horace A. Young,

obtained from the heirs, residing in Arkansas, of Mary Christine Pace, new deeds, completely ignoring the former deed executed by them on May 27, 1941. In the latter deeds the grantors in addition to conveying their interest in the land, also conveyed all their claims against all persons, firms and corporations for damages by trespass upon the land, and for severing, taking and converting timber, oil and gas.

On May 6, 1943, the defendants filed in each of these cases separate alternative motions to dismiss or for summary judgment. The cases were consolidated and motions were submitted. The court on May 12, 1943, ordered the attorneys for the respective parties to prepare and file typewritten briefs in support of and against the motions. Affidavits were filed by plaintiffs and defendants in support of their respective contentions on the motions. The brief of defendants in support of the motions was filed June 7, 1943; the separate briefs of plaintiffs were filed September 9, 1943, and on September 14, 1943, a judgment was entered sustaining the motions to dismiss, and dismissing both cases. See Young v. Garrett, et al., D.C., 3 F.R.D. 193.

Notice of appeal was filed in each case on December 10, 1943, and the time for filing the record on appeal was extended to March 9, 1943, upon request of the plaintiff in Civil Action No. 163 and the plaintiffs in Civil Action No. 164. At no time did the plaintiff or plaintiffs request or move for leave to file an amendment to their complaints, but at all times vigorously contended that this court had jurisdiction of the causes as stated in the complaints. On appeal the judgment of this court dismissing the complaint in each of the cases was affirmed with costs on May 1, 1945. See Young v. Garrett et al., 8 Cir., 149 F.2d 223. A petition for rehearing or for remand for amendment of the complaint in each case was filed and was considered by the Circuit Court of Appeals without response from the defendants as provided by Rule 15 of that court. On August 8, 1945 that court by order denied the petition for a rehearing, but directed "that the case be remanded to the District Court with instructions to permit the appellant (plaintiff in Civil Action No. 163 and plaintiffs in Civil Action No. 164) to apply to that court for leave to amend his complaint, if he so elects, for the purpose of stating jurisdiction, if possible (see, International Ladies'

Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, and Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c), provided that such application be made within a reasonable time and not later than October 1, 1945; and for such further proceedings as are not inconsistent with the opinion of this court."

Under the above order the motions for permission to amend the complaints were filed September 24, 1945. With each motion was tendered an "amended and substituted complaint."

The defendants have filed objections in each case to the granting of the motions on the grounds that (1) the court is without power to grant the motions without first vacating or modifying its final judgment of dismissal which it is prohibited from doing by the Rules of Civil Procedure for the District Courts of the United States; (2) that there are certain omitted and absolutely indispensable parties to each and every cause of action attempted to be set out in the tendered amended and substituted complaints, the presence and proper alignment of whom would destroy diversity of citizenship, the sole ground of federal jurisdiction; (3) that each and every cause of action attempted to be set forth in the tendered amended and substituted complaints is barred by the Statute of Limitations of Arkansas; and (4) if the granting of the motions is discretionary, the facts and circumstances are such as to require the court to exercise its discretion against the granting of same.

The only substantial difference between the complaints and the tendered amended and substituted complaints is that in Civil Action No. 163, the allegations and prayer for rents, issues and profits, damages and accounting are limited to that which may have accrued subsequent to December 18, 1942, the date of the last deed Young obtained from the heirs residing in Arkansas of Mary Christine Pace, and in Civil Action No. 164, the allegations and prayer for rents, issues and profits, damages and accounting are limited to that which may have accrued subsequent to the death of Mary Christine Pace, December 27, 1939, and Bob Winfield Pace, October 22, 1942, respectively. Otherwise stated, the plaintiffs by their tendered amended and substituted complaints are seeking to recover the respective alleged proportionate interests in the fee and rents, profits and damages that may have accrued only after title was acquired by conveyance in Civil Action No. 163 and by descent in Civil Action No. 164.

The questions presented and now before the court have been ably briefed and argued by the respective attorneys and have been fully considered in connection with the facts and circumstances as reflected by the records of this court, made by the plaintiffs themselves in their deliberate and studied efforts, since December 26, 1941, to cause this court to assume jurisdiction of alleged causes which the court after full hearings has twice held it did not possess.

The plaintiffs admit in their brief that the right to amend is addressed to the discretion of the court, but contend that since the appellate court did not have authority to grant the right to amend that the remand of the case under Rule 15, Federal Rules of Civil Procedure, and the decision of the Circuit Court of Appeals in Young v. Garrett, et al., supra, are in effect tantamount to a direction to permit the filing of the tendered amended and substituted complaints, and especially is this so since Rule 15, supra, provides that "leave shall be freely given when justice so requires."

In International Ladies' Garment Workers' Union, et al., v. Donnelly Garment Co., et al., supra [121 F.2d 563], the court said: "Since the amendment cannot be allowed by this Court, it necessarily follows that we cannot direct or instruct the court below with respect to the exercise of its discretion in granting or denying leave to make such an amendment as is suggested."

Assuming that the appellate court had the power to remand the cases without reversing the judgments of the trial court, the court construes the order of remand as a direction to consider and determine the law on all questions involved in the motions, with no expression of opinion of the appellate court as to what action should be taken by this court, but that if the motions should be granted and further proceedings had, that such should not be inconsistent with the expressed opinion of that court.

"Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it."

Osborn v. United States Bank, 9 Wheat. 738, 22 U.S. 738, 866, 6 L.Ed. 204. See also, Hartford Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 417.

■ The first contention made by defendants in their filed objections to the granting of the motions and argued by them goes to the alleged absence of power in the court to grant the motions.

The appellate court specifically denied the petitions for a rehearing. It did not in any manner modify its judgments of affirmance of the judgments of this court entered on September 14, 1943, but remanded the case to this court with instructions to permit the plaintiff to apply for leave to amend their complaints for the purpose of stating jurisdiction if possible. The motions for leave to file the tendered amended and substituted complaints were filed more than two years after the judgments of dismissal were entered. The claims asserted in the tendered amended and substituted complaints were included in the original complaints that were dismissed. After the judgments of dismissal were entered, the plaintiffs made no request for leave to amend, notwithstanding the notice of appeal was not filed until December 10, 1943, three or four days before the expiration of the time. After the appeal was taken and the case was thus removed from this court, no request was made that this court request the appellate court for leave to entertain a motion to amend. The plaintiffs were satisfied and insisted upon their original complaints and never indicated any desire to amend until the judgments of dismissal were affirmed on May 9, 1945. Young v. Garrett, et al., supra. To permit an amendment now, it would be necessary for this court to modify the judgments appealed from and affirmed. This court does not have such power. Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., following Section 723c; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Montgomery v. Realty Acceptance Corporation, 3 Cir., 51 F.2d 642; affirmed as Realty Acceptance Corporation v. Montgomery, 284 U.S. 547, 52 S.Ct. 215, 76 L.Ed. 476; United States v. Newbury Mfg. Co. et al., 1 Cir., 123 F.2d 453; Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387; Wallace v. United States, 2 Cir., 142 F.2d 240; T. S. C. Motor Freight Lines v. Leonard Truck Lines, Inc., D.C. W.D. La., 4 F.R.D. 366; Maryland Casualty Co. v. Cox, 6 Cir., 104 F.2d 354.

In Montgomery v. Realty Acceptance Corporation, supra, the court said [51 F.2d 643]: "It follows that in granting the defendant leave to ask the District Court to open the judgment after the term and award a new trial contrary to the rule which we knew perfectly well, we, quite inexcusably, committed error—the initial error—with two aspects: One, in authorizing the plaintiff to ask the District Court to do that which it could not lawfully do and the other, in authorizing the plaintiff to make a motion in the trial court for a new trial on one issue without first requiring it to show that the matter was of a kind triable on a single issue."

■ ■ The authorities above cited definitely establish that a District Court is wholly without power to vacate or modify a judgment after the expiration of six months from rendition, and under the Rules of Federal Civil Procedure, such authority cannot be conferred. Rule 15 deals with the subject of amended and supplemental pleadings generally. Rule 6(c) removes the expiration of the term of court as a limitation upon any action or proceeding in the District Court. Rule 52(b) limits the time for filing a motion to amend findings of the court to ten days. Rule 50(b) limits the time for filing a motion for entry of judgment in accordance with motion for directed verdict to ten days. Rule 59(b) limits the time for filing a motion for a new trial to ten days except on ground of newly discovered evidence when the limitation is the time within which to appeal. Rule 60(b) limits the time when a court may relieve a party or his legal representatives from a judgment, order or proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect to six months. "The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

There were no reservations in the judgments rendered herein, and nothing remained for the court to do. The cases were dismissed and costs were adjudged against plaintiffs, and the judgments were affirmed.

None of the Rules of Federal Civil Procedure purport to give the District Court the power to modify or set aside or take any other action that would be tantamount to vacating a final judgment after the expiration of six months from the date of the entry of the judgment.

The conclusion of the court is not in conflict with the holding of the Circuit Court of Appeals, Eighth Circuit, in International Ladies' Garment Workers' Union v. Donnelly Garment Co., supra; Fiske et al., v. Buder, et al., 125 F.2d 841, or with the mandate in Young v. Garrett, et al., supra.

II  Assuming that the court has the power at this time to grant the motions, there are other reasons of impelling force that lead to a denial of them.  The bare statement of the facts as heretofore set forth should suffice, and for the sake of brevity will not be repeated.

■  Public policy requires for the sake of the peace of society the discouragement of stale demands, and courts should · be loathe to aid persons in the prosecution of claims where because of delay witnesses have died and events have become obscured by time.  The presence of good faith is a requisite to the favorable exercise of the discretion of a court.  Mackall v. Casilear, 137 U.S. 556, 566, 11 S.Ct. 178, 34 L.Ed. 776.

The actual facts have been known by the heirs of Sarah E. Pace for many years. She and her husband acquired title to the lands involved on October 13, 1863.  On January 11, 1867, they conveyed all the land to Wesley Arnold, and on April 15, 1867, Arnold reconveyed all the land to her by a deed which according to the contention of the plaintiffs conveyed only a life estate. On December 12, 1867, Sarah E. Pace and her husband conveyed by warranty deed the N½ NW¼ and S½ SW¼ of Section 24, Township 17, Range 20, to Leonard H. Young.  On August 28, 1890, Leonard H. Young conveyed the entire W½ of Section 24 to James W. Berry and the defendants and those under whom they claim title have been in actual possession of all of the land since that time, and have paid continuously all taxes assessed thereon.

Subsequent to the sale of the lands by Sarah E. Pace and husband on December 12, 1867, they acquired and moved to another farm where they were living on February 14, 1898, when Sarah E. Pace died leaving surviving her nine children, one of whom was Mary Christine Pace, who was born August 24, 1865, and died December 27, 1939.  After the death of Sarah E. Pace, the children continued to live on their farm until their respective marriages.  Apparently William Solomon Pace, who died in January 1934, Bob Winfield Pace, who died October 22, 1942, and James M. Pace, who still survives, never married and continued to live on the farm with their sister, Mary Christine Pace, until her death.

On April 8, 1940, subsequent to the death of Mary Christine Pace, D. C. Perry as guardian of Bob Winfield Pace, brought a suit in the Chancery Court of Columbia County, Ark., the county where the .a..., are situate, against the present defendants and many other individuals and corporations, seeking to recover an undivided one-eighth interest in the lands and for an accounting for oil and gas removed therefrom, upon the allegation that the said Bob Winfield Pace was non compos mentis on date of the death of his mother, Sarah E. Pace, and had remained so at all times since, and that his mother owned only a life estate in the lands.  No mention was made of any interest that he may have acquired by inheritance from Mary Christine Pace or about her mental condition during her lifetime.  A decree was entered January 22, 1941, reciting that the court had heard the testimony of all the witnesses and finding that Bob Winfield Pace was then and had been throughout his life a person of sound mind and capable of transacting his business, and that if he ever had any interest in the land, that his claim was long since barred by laches and the Statute of Limitations.  The title of defendants was quieted and confirmed against the said Bob Winfield Pace.  The record of that case discloses that at least some of the other heirs of Sarah E. Pace were present and participated in the trial, or were fully advised of the claims of Bob Winfield Pace.

It is significant that no mention was made of the alleged incompetency of Mary Christine Pace and that no claim was made that Bob Winfield Pace had inherited any interest from Mary Christine Pace.  Apparently no one gave the matter any thought until the plaintiff, Horace A. Young, who is an attorney of Chicago, appeared by his attorneys and one of the attorneys of the plaintiffs in Civil Action No. 164, and obtained a warranty deed on May 27, 1941, from all the heirs, residing in Arkansas, of Mary Christine Pace.  It was evidently thought unwise to obtain a deed from the heirs residing in Louisiana.  All these facts were well known not only to the heirs of Mary Christine Pace, but to the attorneys who were then connected with the preparations for the litigation that fol-

lowed. Notwithstanding these known facts, the plaintiffs through their attorneys launched on December 26, 1941, in this court, their tortuous efforts to recover the alleged interest of Mary Christine Pace, with the results heretofore stated. Now they are asking for another chance. They have not only had their day in this court, but have been here under facts and circumstances that do not indicate the best of good faith for nearly four years prior to the filing of the motions now under consideration. Justice does not demand that this court should give them another chance to state a case within its jurisdiction. If they are now barred from instituting another suit by reason of the Statute of Limitations it is because of their deliberate refusal to accept and act on the facts that were well known to them at all times.

Their obstinate refusal to file their suits in a state court of competent jurisdiction and their determination to remain in this court in accordance with their plan that was conceived soon after the decision of the Chancery Court within and for Columbia County, Ark., is responsible for the plight in which they now find themselves. The right to file the tendered amended and supplemental complaints has been waived by the plaintiffs. Dykes v. Little, et al., 8 Cir., 31 F.2d 742; 49 C.J., p. 478, § 606 and p. 483, § 623; Laughlin v. Garnett, et al., 78 U.S.App.D.C. 194, 138 F.2d 931; C. E. Stevens Co., et al., v. Foster & Kleiser Co., et al., 9 Cir., 109 F.2d 764, 769; Ledbetter, et al., v. Farmers Bank & Trust Co. et al., 4 Cir., 142 F.2d 147; Goddard v. Metropolitan Trust Co. of California, 9 Cir., 82 F.2d 902, 905; Jones v. Kennedy, D.C., D.C., 2 F.R.D. 357; Ball v. Breed, et al., 2 Cir., 294 F. 227; Shaw v. American Tobacco Co., 5 Cir., 108 F. 842.

The defendants also argue that the tendered amended and supplemental complaints are insufficient in that there are indispensable parties omitted therefrom who, if made parties and properly aligned, would destroy diversity of citizenship, and that the claims are barred by the Statute of Limitations. In fact, such contentions have consistently been made by them since the inception of this litigation, but it does not appear necessary for the court to pass on such additional contentions.

For the reasons hereinbefore set forth, the motions filed in each case should be denied, and judgments denying said motions are this day being entered.