**SNYDER et al. v. DRAVO CORPORATION.**
**PENTLAND et al. v. SAME.**

Civil Actions Nos. 4600, 3391.

District Court, W. D. Pennsylvania.

March 12, 1947.

Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, District Judge.

These proceedings were filed by Frank C. Snyder et al. in Civil Action 4600, and James C. Pentland et al. in Civil Action 3391, against Dravo Corporation.

The two suits are in all respects the same except as to the names of the plaintiffs. As a result of which, on motion of counsel for the plaintiffs, it was ordered that said actions be consolidated in accordance with the provisions of Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The suits seek to recover varying amounts of overtime compensation, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

In connection with Civil Action 4600 the plaintiffs, under the provisions of Rule 56 of the Federal Rules of Civil Procedure, have filed a motion for summary judgment. Said motion is made with reference to a portion of the moneys which is claimed, and without prejudice to proceed to trial as to the balance of said claims.

The defendant has filed a motion under the provisions of Rule 15(a) of the Federal Rules of Civil Procedure, in which leave of Court is requested to amend the answer previously filed in each action. Said motion requests leave to amend Paragraphs 3 and 5 of the First Defense, and to add thereto a Fifth and Sixth Defense. Subsequent to the presentment of said motion to the Court, the defendant withdrew its request in connection with the Sixth Defense.

In connection with the motion for summary judgment, it is first necessary to pass upon the question as to whether or not leave should be granted the defendant to amend its answer.

This is obligatory for the reason that in passing on said motion, the Court must consider the pleadings, depositions, admissions on file, affidavits or any other matter now a part of the record.

It must be found that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. It is no part of the Court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine or substantial issue as to a material fact must be resolved against the party moving for summary judgment, and the existence of a genuine or substantial dispute as to a material fact forecloses or bars summary judgment. Toebelman et al. (Hahn, Intervener) v. Missouri-Kansas Pipe Line Co. et al., 3 Cir., 130 F.2d 1016; Bowles v. Ward, 65 F.Supp. 880 at page 889; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Wittlin v. Giacalone, App.D.C., 154 F.2d 20; Campana Corp. v. Harrison, 7 Cir., 135 F.2d 334; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967.

In view of the situation one conclusion might be reached on the record as it now exists, and an entirely different decision if leave is granted to file the amended answer.

I will, therefore, consider the record, and the relevant parts of the complaint and answer in passing upon the motion for leave to file the amended answer.

In each of said actions the complaints set forth in Paragraph III:

"III. The defendant corporation, organized and existing under the Laws of the State of Pennsylvania, at all times herein mentioned had its principal office in the City of Pittsburgh, County of Allegheny and State of Pennsylvania, and its plant and principal place of business (at which the plaintiffs were employed) at Neville Island, in the County of Allegheny, in the Western District of Pennsylvania; defendant at said place of business has been engaged at all times mentioned in the manufacturing and selling of machinery, barges, tow boats, dredges, destroyer escorts, and other naval boats and similar and related articles. The goods so produced by the defendant corporation are made of raw materials, a substantial part of which are shipped to the defendant's plants and factories from points outside of the State of Pennsylvania. Substantially all of the goods so produced by the said defendant corporation are manufactured and produced for interstate commerce, and have been sold, offered for transportation, transported, shipped and delivered in interstate commerce from the defendant's said place of business or plant in the Western District of Pennsylvania, to various points outside the State of Pennsylvania."

In the answer originally filed the defendant set forth as follows:

"3. The averments of Paragraph III of the Complaint are admitted."

The motion for leave to amend, in connection with Paragraph 3, sets forth the following allegations of fact:

"3. The defendant admits the averments of Paragraph III of the Complaint, except that defendant denies that the manufacture,

production, sale, transportation or offers thereof, shipment or delivery of any of the products mentioned in said Paragraph III to or for the United States Government, and particularly the Navy Department, constituted commerce or the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, or interstate commerce."

The complaint sets forth in Paragraph V:

"V. During the period beginning October 24, 1938, and to the date of this Complaint, defendant had employed several thousand employees in the manufacture and production of such machinery, barges, tow boats, dredges, destroyer escorts and other naval boats and similar and related articles for interstate commerce and such goods and products so produced by such employees during such period have been sold, offered for transportation, transported, shipped and delivered in interstate commerce from defendant's plant on Neville Island in said District to points outside the State of Pennsylvania."

In the answer originally filed the defendant set forth as follows:

"5. The averments of Paragraph V of the Complaint are admitted."

The motion for leave to amend carries the following allegations of fact:

"5. The defendant admits the averments of Paragraph V of the Complaint, except that defendant denies that the manufacture, production, sale, transportation or offers thereof, shipment or delivery of any of the products mentioned in said Paragraph V to or for the United States Government, and particularly the Navy Department, constituted commerce or the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, or interstate commerce."

In addition thereto the defendant requests leave to present a Fifth Defense in its answer (four defenses having been set forth in the original answer), said additional defense being:

"Fifth Defense. During all the times mentioned in the Complaint, plaintiffs and intervenors were employed by defendant solely in the production of material for the Government of the United States for use in the prosecution of the war between the United States and her enemies; wherefore, none of said plaintiffs and intervenors were engaged in commerce or the production of goods for commerce, as defined by the Fair Labor Standards Act of 1938."

The defendant urges the proposed amendments to the answer were not presented at an earlier date for two reasons:

(a) Pre-trial conference is an appropriate time to amend pleading. Rule 16 of the Federal Rules of Civil Procedure. (A pre-trial conference was held by the Court in these actions at the time of the argument on the motion for summary judgment as to part of the claim in Civil Action 4600, at which time the motion for leave to amend was presented.)

(b) The defendant produced goods for the Navy or Government on a cost plus basis. The Navy Department had issued a mandate in which the defendant was prohibited from interposing as a defense the lack of commerce as defined by the Fair Labor Standards Act. This mandate was not recalled by the Navy Department until August of 1946, and no previous right, therefore, existed to present this affirmative defense.

In short, the defendant desires leave to file the amended answer in order to be able to raise this question of law. Were the plaintiffs engaged in the production of goods for commerce or engaged in commerce where the goods produced were for the Navy Department or Government to be used in the prosecution of World War II?

The plaintiffs contend that leave to amend should not be granted for the following reasons:

(a) The amendment presents not merely a change in, but a complete reversal of, the position of the defendant.

(b) In connection with a previous question which had arisen (as to the type of class action which had been filed and as to the right of intervention), the defendant before the Circuit Court of Appeals had admitted interstate commerce and the other matters which it is now desired to deny.

(c) That the application for leave to amend should be addressed to the Circuit Court of Appeals.

(d) The application is made too late.

(e) The defendant is estopped from presenting an amendment to its answer by its admissions and waiver or stipulation filed in the Circuit Court in which interstate commerce was admitted.

(f) That the allowance of the amendment would subject the plaintiffs to great expense that would arise incident to the proof of facts to show interstate commerce.

(g) That the allowance of the amendment would delay the proceedings since it would be necessary for the plaintiffs to prepare to meet the new defenses.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

The right to amend a pleading is addressed to the discretion of the Court, and great liberality should be allowed where it is necessary to bring about a furtherance of justice. Young v. Garrett, D.C.Ark., 1946, 5 F.R.D. 117; Moore v. Illinois Central R. Co., D.C., 24 F.Supp. 731, 733, 734, affirmed 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Wilson v. Lamberton, 3 Cir., 1939, 102 F.2d 506, 507; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F. 2d 865, 871; Gibbs v. Emerson Electric Mfg. Co., D.C.Mo., 1940, 31 F.Supp. 983, 984; Gallahar v. George A. Rheman Co., Inc., D.C.Ga., 1943, 50 F.Supp. 655, 661; Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 146 F.2d 165, 167.

A change in the legal theory of an action is not a test of the propriety of a proposed amendment. International Ladies' Garment W. U. v. Donnelly G. Co., 8 Cir., 1941, 121 F.2d 561, 562, 563.

Even after pre-trial conference a motion for leave to amend should be granted where no prejudice is suffered by the opposing party litigant. McDowall v. Orr Felt & Blanket Co., 6 Cir., 1944, 146 F.2d 136.

I do not see how the plaintiffs in this action will be prejudiced as far as the trial is concerned since the amended answer in substance says—The goods made by the plaintiffs were not interstate commerce or produced for interstate commerce since they were used by the Government in the prosecution of the war. This raises a question of law under the Fair Labor Standards Act rather than a question of fact. It will, therefore, not be necessary for the plaintiffs to offer any testimony in connection with this question since the facts are admitted.

Furthermore a stipulation of counsel representing a party litigant, originally designed to expedite the disposition of questions which exist, should not be rigidly adhered to when it becomes a manifest injustice upon said litigant. Maryland Casualty Co. v. Rickenbaker et al., 4 Cir., 1944, 146 F.2d 751, 753.

The Court should not, in ruling on the motion for leave to amend, pass on the question whether defendant is estopped to raise the defense. 8 F.R.S. 283 (Case 2. 15A21).

While it is generally assumed when an answer is filed that the law is settled, it seems proper to permit an amended answer to raise a substantial or genuine question of law which is in dispute and not adjudicated in the Circuit Court where the case is to be tried or by the Supreme Court of the United States. This is true since a party litigant is not bound to anticipate the conclusion which would be reached in the

District Court or in the appellate tribunals. American Optical Co. v. New Jersey Optical Co., D.C.Mass., 1943, 50 F.Supp. 806.

In the instant cases the defendant states it was barred by the Navy Department from interposing the defense in its original answer—"That the production of goods for the Government was not commerce under the Fair Labor Standards Act."

The question is one that is genuine and substantial since the Supreme Court of the United States or the Third Circuit Court of Appeals has not passed on the problem. However, the matter has been considered in other district courts, circuit courts of appeal and state courts in the United States.

The problem resolves itself into the interpretation of the word "commerce" as used in Section 203(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Umthun v. Day & Zimmerman, 1944, 235 Iowa 293, 16 N.W.2d 258.

One theory expressed is that the Government is not included within the terms of a general statute unless it is clear from the nature of the mischiefs to be redressed, or the language used, that the Government itself was in contemplation of the legislation. United States v. Hoar, C.C.Fed. Cas.No.15373, 2 Mason 311.

It has been also stated that where a statute is for the public good or to prevent injury and wrong, the sovereign or government is bound by it although not particularly named therein. Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314.

Another argument presented is that Section 203(d) of the Fair Labor Standards Act specifically excepts from its benefits employees of the United States or any state or political subdivision thereof. That it should, therefore, be assumed that if Congress had intended also to exempt from the statute employees of an independent contractor with the government, such as the defendant in this action, it would have so provided by enlarging the exception. Umthun v. Day & Zimmerman, 1944, 235 Iowa 293, 16 N.W.2d 258, 261.

█ It is definitely settled that whether an employee is covered by the Fair Labor Standards Act depends on the nature of the employment of the particular employee, and the fact that all of the employer's business is not shown to have an interstate character is not important. Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460.

It is apparent that conflict exists as to whether the provisions of the Fair Labor Standards Act apply where goods are manufactured solely for the use of the government in the prosecution of the war.

It has been held that if the goods manufactured by the employer and produced by the employee move in interstate commerce, the act regulates the conditions of production, and it is immaterial that some other person or the government is responsible for their interstate movement. Walling v. Kerr, D.C.E.D.Pa., 1942, 47 F.Supp. 852; Walling v. Higgins, D.C.E.D.Pa., 1942, 47 F.Supp. 856; Timberlake v. Day & Zimmerman, D.C.S.D.Iowa, 1943, 49 F. Supp. 28.

Also, although manufacture of goods may not be interstate commerce, shipment of said goods does amount to such commerce. Hamlet Ice Co. v. Fleming, 4 Cir., 1942, 127 F.2d 165.

█ It is the obligation of each plaintiff to show, by the preponderance of the evidence, he is entitled to the benefits of the act and that he has not received them, i. e.:

(a) That each plaintiff performed work which amounted to interstate commerce; or

(b) That each plaintiff performed work which consisted of the production of goods for interstate commerce; and

(c) That while engaged in either of the foregoing, each plaintiff has been required to work overtime hours and has not been paid in connection therewith. Timberlake v. Day & Zimmerman, D.C.S.D.Iowa, 1943, 49 F.Supp. 28; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; McLeod v. Threlkeld et al., 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538; Kirschbaum v. Walling, 316 U.S. 525, 526, 62 S.Ct. 1416, 86 L.Ed. 1638; Burke et al. v. Mesta

Machine Co., D.C.W.D.Pa., 1946, 5 F.R.D. 134.

I believe the amended answer is not being presented for the purpose of delay, but is in good faith to raise a substantial and genuine question of law.

Although the most thorough decisions seem to permit recovery, or that such type of work does constitute the production of goods for commerce, I do not believe the Court should decide said question of law until after a full and complete hearing. Following cases involve this question: Raymond et al. v. Parrish et al., 1944, 71 Ga. App. 293, 30 S.E.2d 669, 672; Scott v. Ford, Bacon & Davis, Inc., D.C.E.D.Pa., 1944, 55 F.Supp. 982; Lynch et al. v. Embry-Riddle Co., D.C.Fla.1945, 63 F.Supp. 992; Brue et al. v. J. Rich Steers, Inc., et al., D.C.N.Y., 1945, 60 F.Supp. 668; Umthun v. Day & Zimmerman, 1944, 235 Iowa 293, 16 N.W.2d 258, 261; Timberlake v. Day & Zimmerman, D.C.S.D., Iowa, 1943, 49 F.Supp. 28; Clyde et al. v. Broderick et al., 10 Cir., 1944, 144 F.2d 348; Walling v. Patton-Tulley Transportation Co., 6 Cir., 1943, 134 F.2d 945; Walling v. Haile Gold Mines, Inc., 4 Cir., 1943, 136 F.2d 102; Anderson et al. v. Federal Cartridge Corp., D.C.Minn., 1945, 62 F.Supp. 775; Simkins v. Elmhurst Contracting Co., Inc., 1944, 181 Misc. 791, 46 N.Y.S.2d 26; Filardo v. Foley Bros., Inc. et al., 1943, 181 Misc. 136, 45 N.Y.S.2d 262.

I am aware that cost-plus-fixed-fee contractors with the government, engaged in war production, are not agents of the government and do not share the government's sovereign immunities. Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 482, 140 A.L.R. 615; Curry v. United States, 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9.

If the law were settled in the Third Circuit or if the Supreme Court had considered the question, it would be proper to refuse the amendments requested since there could be no abuse of discretion when what is refused would avail the offeror nothing if allowed. Stephens v. Reed, 3 Cir., 1941, 121 F.2d 696, 699; Wilson v. Lamberton et al., 3 Cir., 1939, 102 F.2d 506, 507.

The Court is expressing no opinion one way or the other at this time as to the rule of law which should be applied. I believe that since a substantial and genuine legal question does exist as to whether the production of goods, which were used and transported by the government in the prosecution of the war, does constitute commerce, that the Court in the exercise of its discretion should permit the filing of the amended answers.

Since I have concluded that the motion for leave to file the amended answers should be granted, it is next appropriate to consider whether the motion for summary judgment should be granted in whole or part.

The defendant contends that said motion should not be granted for the reason that genuine and substantial issues of fact exist as to why the overtime payments were made to the plaintiffs.

The plaintiffs contend that the payments were made by the defendant as overtime and as a matter of law they are entitled to liquidated damages and attorney fees.

It is true that one who pays is presumed to owe and that said payment carries a presumption that the debt was rightfully due. Dykes-Breathwit Lumber Co. v. Thaxton, 5 La.App. 488; 48 C.J. 704, § 221; Gilinger v. Kulp, 5 Watts & S., Pa., 264; Abbott v. Lyon, 4 Watts & S., Pa., 39.

Furthermore, willingness of an employer to pay an employee a certain sum, following an investigation and computation by the Labor Department, is an admission against interest as to such amount, and would create a presumption that said employee is entitled to liquidated damages and attorney fees. Silverman v. Ballaban, etc., 106 N.Y.L.J. 2060, 5 C.C.H., Case at No. 601838.

However, a presumption or an admission against interest can always be rebutted or explained by competent evidence. I can not anticipate what explanation, if any, the defendant might be able to make when this case is heard on the merits and an opportunity has been given the defendant to present its evidence. The state-

ments of counsel for the defendant and the affidavits filed, however, do raise a substantial and genuine question of fact as to what said payments were and as to why they were made.

Also since the Court has permitted the filing of the amended answer, there exists not only a question of fact, but also one of law, each of which appears to me to be genuine and substantial.

The presence of such questions prevents entry of summary judgment, regardless of the credit which I might give to the explanation offered by the defendant or my present opinion as to the question of law which has been raised in the amended answer, when consideration has not been given the same by the Circuit Court of Appeals in the Third Circuit or by the Supreme Court of the United States. Griffith v. Wm. Penn Broadcasting Co., D.C., 4 F.R.D. 475; Toebelman et al. v. Missouri-Kansas Pipe Line Co., supra, and cases heretofore cited pertaining to this question; Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305.

The motion for summary judgment is, therefore, denied. An appropriate order will be filed.