CARROLL
v.
STERLING HOTEL CO.
Civ. No. 4617.

United States District Court,
M. D. Pennsylvania.

Aug. 24, 1954.

John R. Lenahan and William Dempsey, Scranton, Pa., for plaintiff.

S. Keene Mitchell, Jr., Wilkes-Barre, Pa., for defendant.

WATSON, Chief Judge.

This is a motion by the plaintiff to amend his complaint. In his original complaint, plaintiff alleged that on April 23, 1951, he was injured while taking a shower in the Sterling Hotel at Wilkes-Barre, Pennsylvania, when the shower suddenly emitted boiling and scalding water causing plaintiff, in an attempt to avoid scalding and to reach a position of safety, to twist and permanently injure his back. Plaintiff averred that the defendant was guilty of carelessness and negligence in the conduct of its business, and in the maintenance of its premises, particularly in the installation, maintenance and operation of a certain shower and shower fixtures. Plaintiff now seeks to amend his complaint to add the additional allegations that when plaintiff, in an attempt to avoid scalding and to reach a position of safety, whirled around to grab the hot water handle, he slipped on a piece of soap which had been negligently and carelessly left on the bottom of the tub by the defendant, through its agents, servants and employees, causing him to twist and permanently injure his back.

The defendant opposes the amendment to the complaint on the ground that the amendment states a new

cause of action and that a new action would be barred by the Pennsylvania statute of limitations. Regardless of whether the state statute of limitations would be applicable, the Court is of the opinion that the amendment to the complaint is proper. What constitutes a new cause of action is to be determined in accordance with the rules of practice and procedure of the forum in which the action is brought. Shelton v. Seas Shipping Co., Inc., D.C., 75 F.Supp. 195.

Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Both the original complaint and amended complaint relate to the same general conduct, transaction and occurrence which involved the injuries to the plaintiff. There was therefore no departure. The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for injuries sustained by the plaintiff, caused by the alleged negligence of the defendant. Consequently, the amendment relates back to the date the original complaint was filed.

The effect of the amendment will facilitate a fair trial of the existing issues between plaintiff and defendant. There is no cogent reason to apply a statute of limitations, when, as here, the defendant has had notice from the outset that plaintiff was attempting to enforce a claim against it because of the events leading up to the injuries suffered by the plaintiff in the defendant's shower. See Tiller v. Atlantic Coast Line Railroad Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465.

The motion to amend the complaint will be granted and an appropriate order will be entered herewith.