**Earl CHAMBERLIN**

v.

**UNITED ENGINEERS AND CONSTRUCTORS, INC.**

**Civ. A. No. 25094.**

United States District Court
E. D. Pennsylvania.
May 31, 1961.

Herman Bloom, Philadelphia, Pa., for plaintiff.

John J. McDevitt, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The plaintiff has moved to amend the complaint and the defendant objects, stating that it will be prejudiced if the plaintiff is permitted to amend now, after the statute of limitations has run.

It is our function to decide whether "justice requires" allowing the amendment at this time, within the meaning of Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The original complaint alleges that on or about January 23, 1958, the plaintiff was injured while working on a construction job supervised by the defendant, United Engineers and Constructors, Inc. The defendant was alleged to have been negligent in failing to foresee the danger in permitting a man, known to have been intoxicated on the job, to act as foreman. The foreman, one Leonard Osterberger, allegedly ordered a certain drive hammer lowered at a time when plaintiff was in a dangerous position setting a pile. The hammer allegedly struck plaintiff and injured his left foot. The defendant's answer asserted that the defendant at the time of the alleged accident was the statutory employer of the plaintiff, and that, therefore, its liability, if any, was limited by the provisions of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq. On this ground, the defendant filed a motion for Summary Judgment. In his brief in opposition to the motion for Summary Judgment, the plaintiff indicated a desire to amend his complaint. We thought that the motion for Summary Judgment should be granted on the state of the record at that time. However, in the interests of justice, we allowed the plaintiff 10 days within which to make a formal motion to amend the complaint if he

so desired. (See our Memorandum and Order of September 27, 1960.) Accordingly, the plaintiff filed a motion for leave to amend the complaint. The proposed amended complaint states, in addition to the facts alleged in the original complaint, that the defendant was negligent in failing to foresee the danger to plaintiff in permitting Osterberger to act as foreman when the defendant knew, or should have known, that Osterberger not only had been intoxicated on the job, but also bore personal hatred toward plaintiff. It is alleged that Osterberger ordered the hammer lowered with the intent of injuring the plaintiff.

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

"(a) Amendments.

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court * * * and *leave shall be freely given when justice so requires.* * * * *" (Emphasis supplied)

Professor Moore states:

"The courts have shown a strong liberalty * * * in allowing amendments under Rule 15(a). Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the party has not been guilty of bad faith, is not acting for purposes of delay, the opposing party will not be unduly prejudiced or the trial of the issues unduly delayed." Moore's Federal Practice, Vol. 3, p. 828.

The defendant in the case at bar does not contend that the plaintiff is guilty of bad faith or is acting for purposes of delay. However, the defendant objects to the proposed amendments to the complaint for the following reasons: 1) The plaintiff has admitted of record that the injury was compensable under the compensation laws of Pennsylvania; 2) the plaintiff received a large amount of compensation for his injury under the Act while this suit was pending; 3) the defendant would be "obviously" prejudiced by permitting the plaintiff to so amend after the statute of limitations has run; and 4) the plaintiff's deposition shows that plaintiff himself could not and would not say with certainty that the lowering of the beam by Osterberger was an intentional act done for the purpose of injuring plaintiff.

The "prejudice" which the defendant claims would be occasioned it, should we allow the amendments to the complaint, lies in the fact that the amended complaint states a claim against the defendant which would *not* be within the provisions of the Workmen's Compensation Act,[1] whereas the claim as stated in the original complaint was within the provisions of the Act.[2] The result, of course, would be that if the amendments are allowed, the defendant's liability would not be limited by the Act. But we see no "prejudice" to the defendant in this. A plaintiff is not precluded from amending a faulty complaint so that it states a claim upon which relief can be granted simply because by so amending, the defendant may thereby be subsequently made liable to the plaintiff. There is no rule of law which freezes the further development of the case within the limits of plaintiff's knowledge when the complaint was filed. Smith v. Piper Aircraft Corp., D.C.M.D.Pa.1955, 18 F.

---

1. After the original complaint was filed, the Supreme Court of Pennsylvania decided the case of Dolan v. Linton's Lunch, 1959, 397 Pa. 114, 152 A.2d 887. It was held in that case that an assault made upon an employee out of personal enmity, even though such assault oc-curs while the employee is acting in the scope of his employment, is not covered by the Compensation Act.

2. See Memorandum and Order of September 27, 1960.

R.D. 169. Nor do we perceive how the fact that the plaintiff received large amounts of compensation for his injuries while this suit was pending is at all relevant to the motion to amend. This argument itself concedes that the defendant elected to pay the plaintiff compensation, *knowing* that it was being sued by the plaintiff. If in so doing the defendant relied upon the defects in plaintiff's original complaint, it should also have been aware that complaints are freely amended under the Federal Rules of Civil Procedure. Donnelly Garment Co. v. International Ladies' Garment Workers' Union et al., D.C.W.D.Mo.1941, 47 F. Supp. 61.

▮ The defendant's fourth ground of objection is that the plaintiff's deposition shows that the plaintiff himself could not say with certainty that Osterberger intended to injure him. Therefore, argues defendant, allowing the amendment would be a futile gesture, since its allegations could not be proven. We think this argument can only be resolved at the trial of this case. That is to say, the question of whether the amended complaint can be sufficiently supported by evidence can only be determined after the plaintiff has had his day in Court. The plaintiff's deposition does show that the proposed amendments to the complaint have some foundation in fact, and, therefore, the amended complaint cannot be considered as a frivolous or sham pleading.

▮▮ Defendant's third objection is that the amended complaint states a "new cause of action" which is now barred because the statute of limitations has run. This contention is governed by Rule 15 (c) of the Federal Rules of Civil Procedure which provides as follows:

"(c) Relation Back of Amendments.

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Rule 15(c), like the other rules of civil procedure, does not use the phrase "cause of action." While it is still the rule that an amendment to a pleading which states an entire new claim for relief will not relate back to the date of the filing of the original complaint, the Federal rules have broadened the meaning of the concept of "cause of action." The rules have shifted emphasis away from a theory of law as to the cause of action to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. (Moore's Federal Practice, Vol. 3, p. 852.) Therefore, it is really unnecessary to determine whether the amended complaint states a "new cause of action." Applying the test set forth in Rule 15 (c), it is clear in the case at bar that the claim asserted in the amended complaint arose out of the same occurrence set forth in the original complaint. Therefore, the amended complaint relates back to the date of the original complaint and is not barred by the statute of limitations.

The Supreme Court of the United States held in the case of Tiller v. Atlantic Coast Line Railroad Co., 1945, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465, that the plaintiff could amend her complaint to add an allegation of violation of the Boiler Inspection Act, 45 U.S.C.A. § 22 et seq., even though the statute of limitations had run. The Court said that there was no reason to apply a statute of limitations where the defendant had had notice from the beginning that the plaintiff was trying to enforce a claim against it because of the events leading up to the death of the plaintiff's decedent in the defendant's yard. The reasoning of the Court in the Tiller case applies to the case at bar; the defendant has had notice since the filing of the original complaint that the plaintiff Chamberlin was trying to enforce a claim against it arising from the accident which occurred on January 23, 1958, at the site of defendant's construction job.

In the case of Carroll v. Sterling Hotel Co., D.C.M.D.Pa.1954, 16 F.R.D. 99, the plaintiff alleged in his original complaint that he had injured his back in twisting away from a stream of scalding water which suddenly emitted from defendant's shower bath. After the statute of limitations had run, plaintiff was permitted to amend the complaint by adding that he injured his back when he fell on a piece of soap while trying to escape the scalding water. The court had no difficulty allowing the amendment, stating:

> "Both the original complaint and the amended complaint relate to the same general conduct, transaction and occurrence which involved the the injuries to the plaintiff. * * The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for injuries sustained by the plaintiff, caused by the alleged negligence of the defendant. * * * The effect of the amendment will facilitate a fair trial of the existing issues between plaintiff and defendant."[3] At page 100.

In conclusion, we think the Rules of Civil Procedure and the cases decided thereunder indicate strongly that the plaintiff should be permitted to file the proposed amended complaint. However, in the interest of fairness to counsel for defendant, we cannot overlook the fact that plaintiff's counsel has heretofore occasioned considerable delay, expense, and inconvenience to the defendant. Therefore, we think it appropriate to include an Order herein requiring the plaintiff to post security for costs. Local Rule 35 of the Rules of Civil Procedure for the Eastern District of Pennsylvania specifically permits us to do so in any case in which the plaintiff was not a resident of the Eastern District of Pennsylvania

at the time suit was brought. Plaintiff, Earl Chamberlin, was a resident of the State of New Jersey at the time this action was instituted. Therefore, we enter the following Order:

### Order

And now, to wit, this 31st day of May, 1961, it is ordered that the plaintiff be permitted to file the proposed amended complaint and the defendant's objections thereto are hereby overruled.

Plaintiff is ordered to deposit $150 as security for costs within 30 days from the entry of this Order and all proceedings are to be stayed meanwhile.

leged that the defendant violated ceiling prices on used cars. The amended complaint alleged that the violative transactions involved new cars and violated the ceiling prices on new cars.

---

3. In accord, see United States v. C & G Motors, Inc., D.C.E.D.Pa.1954, 16 F.R.D. 576, in which case Judge Lord permitted the United States to amend the complaint after the statute of limitations had run. The original complaint al-