# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

**No. 08-6014**

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Larry Lee Weber, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Darla A. Peterson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the District |
| v. | * | of Minnesota |
| | * | |
| Larry Lee Weber, | * | |
| | * | |
| Debtor-Appellee. | * | |

_____

Submitted: August 26, 2008
Filed: September 5, 2008

_____

Before MAHONEY, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

In this appeal, Darla A. Peterson seeks the review of two bankruptcy court orders. The first order denied Peterson's motion, filed five days before trial, for leave to amend her complaint against the Debtor. The second order determined that the Debtor's debt to Peterson is not excepted from discharge under 11 U.S.C. §

523(a)(2)(A) or (B). For the reasons stated below, we affirm the bankruptcy court's decision determining that the debt is not excepted from discharge under § 523(a)(2)(A) or (B), but we reverse the court's denial of Peterson's motion to amend her complaint and remand the case for proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

Findings of fact are reviewed for clear error.[1] Conclusions of law are reviewed *de novo*.[2] We review the bankruptcy court's denial of Peterson's motion for leave to amend her complaint under an abuse of discretion standard. An abuse of discretion will be found only if the judgment is based on clearly erroneous factual findings or erroneous legal conclusions,[3] or if we have a "definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."[4]

## II. BACKGROUND

The Debtor, Larry Lee Weber, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 8, 2007. On September 5, 2007, Darla A. Peterson filed a complaint against the Debtor alleging, *inter alia*, that in December 2006 the Debtor had asked Peterson to loan him $90,000 "so that [the Debtor] could pay an

---

[1] *Gourley v. Usery* (*In re Usery*), 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank* (*In re Broadview Lumber Co., Inc.*), 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)). Fed. R. Bankr. P. 8013.

[2] *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907, 909 (B.A.P. 8th Cir. 2001).

[3] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574 (1986).

[4] *Beguelin v. Volcano Vision, Inc.* (*In re Beguelin*), 220 B.R. 94, 97 (B.A.P. 9th Cir. 1998).

income tax liability," that the Debtor misrepresented his financial condition, that Peterson ultimately loaned the Debtor $170,000 based on those representations, and that the Debtor never repaid that money. The complaint cited only two legal bases for its request for a determination that the Debtor's debt to Peterson was nondischargeable – 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B). Trial on Peterson's complaint was scheduled for, and conducted on, January 28, 2008.

Five days before trial, Peterson filed a motion for leave to amend her complaint against the Debtor to state a claim under 11 U.S.C. § 523(a)(14).[5] Peterson argued that she should be allowed to amend the complaint because the newly added claim related to the same facts alleged in her original complaint and because she had just that day received copies of the Debtor's checks to the Internal Revenue Service confirming that he did, in fact, use funds he borrowed from Peterson to pay a tax debt. The bankruptcy court denied Peterson's attorney's request for an immediate, emergency hearing on the motion to amend and instead scheduled it to be heard on the trial date. The court then orally denied the motion at the outset of the trial.

The trial proceeded, and at the close of Peterson's case the bankruptcy court granted the Debtor's motion under Fed. R. Bank. P. 7052 (applying Fed. R. Civ. P. 52) for judgment on partial findings on the issue of the Debtor's fraud under 11 U.S.C. § 523(a)(2)(B), inasmuch as Peterson had failed to offer any evidence that the Debtor had ever given Peterson a written statement respecting his financial condition.[6] The bankruptcy court took under advisement the issue of the Debtor's alleged fraud under § 523(a)(2)(A).

---

[5] 11 U.S.C. § 523(a)(14) excepts from discharge any debt "incurred to pay a tax to the United States that would be nondischargeable under [11 U.S.C. § 523(a)(1)]."

[6] Peterson has not challenged in this appeal the bankruptcy court's ruling that the debt is not excepted from discharge under § 523(a)(2)(B).

3

The bankruptcy court ultimately rendered a decision in favor of the Debtor on the § 523(a)(2)(A) claim. That decision rested heavily on the bankruptcy court's assessment of the witnesses' credibility. The only persons who testified were Peterson and the Debtor. In sum, the bankruptcy court determined that Peterson's testimony on the Debtor's alleged misrepresentations regarding his financial condition was not credible, but that the Debtor's testimony – that he honestly believed that the loan he obtained from Peterson would enable him to get back on track with specific real estate development projects and that those projects would generate enough income to repay her – was credible. The bankruptcy court noted inconsistencies and falsities in Peterson's testimony to support its assessment of her lack of credibility. This appeal followed.

## II. DISCUSSION

We direct our attention first to the bankruptcy court's denial of Peterson's motion for leave to amend her complaint against the Debtor.

As noted above, the bankruptcy court's decision to deny Peterson's motion for leave to amend her complaint will not be overturned as an abuse of discretion unless we have a "definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."[7] The factors relevant to a determination whether to grant a party leave to amend a pleading flow from Fed. R. Civ. P. 15, which applies to bankruptcy adversary proceedings pursuant to Fed. R. Bank. P. 7015.

Rule 15 instructs courts to "freely give" leave to amend a pleading "when justice so requires." The Supreme Court elaborated on this standard in *Foman v. Davis*,[8] stating:

---

[7] *Beguelin*, 220 B.R. at 94.

[8] 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given."[9]

In essence, the determination of whether to grant leave to amend a pleading should be guided by a clear preference for trying matters on the merits, and leave should not be denied unless the delay in bringing the amendment or prejudice caused thereby rises beyond the incidental, *i.e.*, it must be "undue."

Applying this standard, we believe that the bankruptcy court erred in its decision to deny Peterson leave to amend her complaint against the Debtor. In the written order memorializing its oral denial of Peterson's motion to amend, the bankruptcy court gave the following reasons for its decision:

> While she claims that the basis for her claim came to light as part of discovery, clearly that is not true, since she knew from the very beginning of the transaction and alleges in her complaint, what the main purpose of her loan was. Neither party directed any discovery towards the issue nor briefed it in their trial memoranda. Section 523(a)(14) would require proof of what the defendant did with the money that he borrowed from the plaintiff and, to the extent it was used to pay taxes, whether those taxes would be excepted from discharge under § 523(a)(1). None of these factual or legal issues are necessarily obvious and it would be unfair on the literal verge of trial to require the defendant to defend that claim. The plaintiff either intentionally or negligently

_____

[9] *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. *See also Hanson v. Hunt Oil Co.*, 398 F.2d 578, 582 (8th Cir. 1969) ("Ordinarily, delay alone is an insufficient basis for denying leave to amend. Prejudice must be shown.")

5

failed to plead this cause of action originally or anytime prior to trial and it would be inequitable to allow her to do [so] (*sic*) now.

We take exception to several of these points.

First, the fact that the proposed amendment was based in part on an allegation made in the original complaint weighs in favor of – not against – granting Peterson leave to amend the complaint. Peterson's entire complaint was premised on a belief that the Debtor had misrepresented to her that he intended to use the loan proceeds to pay a tax debt. Until Peterson obtained confirmation that the Debtor actually had paid a tax debt with the loan proceeds – confirmation that she apparently obtained just five days before the trial date – she could not have known for sure that the Debtor's representation to her wasn't false. On the same day she received that confirmation, Peterson sought leave to amend her complaint to assert the § 523(a)(14) claim.

Amendments to state a new legal theory based on allegations known to a defendant should be liberally allowed when statutes of limitation are not involved, and they weren't in this case.[10] Ideally, Peterson perhaps should have recognized earlier that she might have a claim under § 523(a)(14) if the allegation that the Debtor used the loan proceeds to pay a tax debt proved to be true. However, that possibility did not become concrete until she received a copy of the check that purported to show that the Debtor had used at least some of the proceeds to pay a tax debt.

Second, Peterson's proposed amendment did not raise a particularly complex new issue under §523(a)(1). Most (but concededly not all) §523(a)(1) claims turn on

---

[10] *See International Ladies' Garment Workers' Union v. Donnelly Garment Co.*, 121 F.2d 561, 563 (8th Cir. 1941). *See also United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619 (1933) (stating that amendments should be liberally allowed and that a change of the legal theory of an action is no longer accepted as a test of the propriety of a proposed amendment).

a simple determination of whether the tax debt paid arose from a tax year for which a return was due after three years before the date of the filing of a debtor's bankruptcy petition.[11] Such was the issue to be presented in the amended complaint.

Third, allowing the amendment would not have resulted in unfairness and inequity to the Debtor, particularly if the court continued the trial date for a short time to allow the Debtor to prepare his defense to the new claim. The Debtor had ample notice of the factual allegation implicated by Peterson's proposed amendment, since the issue of the payment of taxes had been in the case from the beginning. Also, the Debtor was partially responsible for Peterson's delay in filing her motion to amend; he didn't produce the check to the I.R.S. confirming that he had used the loan proceeds to pay a tax debt until January 23, 2008.[12] Peterson filed her motion to amend that same day.

Finally, from a practical standpoint, it would have been a simple (and fair) matter to continue the trial to permit the Debtor to adequately prepare a defense to the § 523(a)(14) claim in light of the facts that this matter proceeded to trial less than five months after the complaint was filed, no previous continuances had been sought, and the only witnesses called to testify at the trial were Peterson and the Debtor. The situation might have been different if the Debtor had planned to call one or more non-party witnesses to testify.

---

[11] *See* 11 U.S.C. §§ 523(a)(1) and 507(a)(8).

[12] In Answers to Plaintiff's Interrogatories signed on December 5, 2007, the Debtor stated that he had used approximately $114,000 of the loan proceeds to pay the I.R.S. However, the Debtor did not provide Plaintiff's counsel with copies of the checks to the I.R.S. until January 23, 2008. One of those checks indicated that it was used to pay the Debtor's 2004 taxes, which would appear to have been nondischargeable in the bankruptcy proceedings. (App. AA-143, 150-51)

For these reasons, we find that the bankruptcy court abused its discretion in denying Peterson leave to amend her complaint to add a claim under 11 U.S.C. § 523(a)(14).

Next, we turn to Peterson's contention that the bankruptcy court erred in its determination that the debt owed to Peterson is not excepted from discharge under § 523(a)(2)(A).

Peterson has not pointed to any particular factual finding or legal conclusion (other than the ultimate determination of dischargeability) that the bankruptcy court arguably made in error. We will presume that she assigns error to the bankruptcy court's factual findings, inasmuch as her arguments on appeal consist almost entirely of a restatement of the factual allegations she made before the bankruptcy court.

As noted above, findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.[13] A reviewing court cannot reverse the trial court's findings simply because it might have decided the case differently.[14] An appellate court oversteps its bounds if it decides factual issues *de novo*.[15] If the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse even though it would have weighed the evidence differently.[16]

---

[13] *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

[14] *Id.*; *Handeen v. LeMaire* (*In re Le Maire*), 898 F.2d 1346, 1349 (8th Cir. 1990)(en banc).

[15] *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511.

[16] *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511.

Furthermore, deference must be given to the bankruptcy court's evaluation of the credibility of witnesses.[17]

Based on our review of the record before us, we are not left with the definite and firm conviction that a mistake has been committed. The dispute between the Debtor and Peterson was essentially a "she-said-he-said" dispute. Peterson says that the Debtor made false and misleading statements about his financial condition and that she justifiably relied on those statements. The Debtor denies that he made any misleading statements about his financial condition. The bankruptcy court decided that what the Debtor said was more credible, and we will defer to the bankruptcy court's evaluation of the credibility of witnesses. Therefore, we find that the bankruptcy court's factual findings in this matter are not clearly erroneous.

## IV. CONCLUSION

For the reasons stated above, we affirm the bankruptcy court's order determining that the debt owed to her by the Debtor is not excepted from the discharge under 11 U.S.C. § 523(a)(2)(A) or (B), but we reverse the order denying Peterson's motion for leave to amend the underlying complaint against the Debtor and remand the case to the bankruptcy court for further proceedings consistent with this opinion.

---

[17] Fed. R. Civ. P. 52(a); *Lanear v. Safeway Grocery,* 843 F.2d 298, 301 (8th Cir. 1988).